Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/16/2024 09:05 AM CST

State of Nebraska, appellee, v.
Wilbur L. Jackson, appellant.

___ N.W.2d ___

Filed January 9, 2024.    No. A-22-903.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Constitutional Law.** Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.

3. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.

4. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

5. ____: ____. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

6. **Effectiveness of Counsel: Proof: Words and Phrases: Appeal and Error.** To show prejudice under the prejudice component of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must demonstrate a reasonable probability that but for

his or her counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome.

 7. **Postconviction.** The defendant's verified motion for postconviction relief is the operative filing before the district court in considering whether to grant an evidentiary hearing.

 8. **Postconviction: Appeal and Error.** A postconviction court does not err by failing to consider claims not made in the operative motion for postconviction relief, which are instead raised in other filings.

 9. **Postconviction: Effectiveness of Counsel: Appeal and Error.** When a person seeking postconviction relief has different counsel on appeal than at trial, the motion for postconviction relief is procedurally barred if the person seeking relief (1) knew of the issues assigned in the postconviction motion at the time of the direct appeal, (2) failed to assign those issues on direct appeal, and (3) did not assign as error the failure of appellate counsel on direct appeal to raise the issues assigned in the postconviction motion.

10. **Effectiveness of Counsel: Appeal and Error.** When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the two-part test for ineffectiveness established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); if trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue.

11. **Appeal and Error.** Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur.

12. **Effectiveness of Counsel.** Defense counsel is not ineffective for failing to raise an argument that has no merit.

13. **Postconviction: Appeal and Error.** The appellate court will not consider allegations not presented to the district court for disposition through the defendant's verified motion for postconviction relief or passed upon by the postconviction court.

Appeal from the District Court for Cass County: Michael A. Smith, Judge. Affirmed.

Wilbur L. Jackson, pro se.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

Pirtle, Chief Judge, and Moore and Arterburn, Judges.

Moore, Judge.

## INTRODUCTION

Wilbur L. Jackson appeals from the order of the district court for Cass County, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On March 20, 2020, Jackson was charged by information with six counts: driving under the influence of alcohol, fifth offense/aggravated; violating the terms of an ignition interlock order, with a habitual criminal allegation; leaving the scene of an accident; reckless driving, second offense; false reporting; and refusal to submit to a preliminary breath test.

On March 23, 2020, Jackson's trial counsel filed a motion to quash the information, alleging the ignition interlock charge could not be enhanced under the habitual criminal statute without violating established precedent prohibiting double penalty enhancement. In an order entered on April 9, the district court denied the motion to quash, finding that there was no "'stacking'" of enhancements regarding the ignition interlock charge, as Jackson was subjected to an ignition interlock order due to a prior conviction. The court reasoned that it was the violation of that order that was prohibited and punished, not the crime which had triggered the ignition interlock order.

A bench trial was held on September 30, 2020. The evidence adduced at trial established that on February 3, Jackson was driving eastbound on U.S. Highway 34 in Cass County when he moved onto the right shoulder and then made an abrupt U-turn without signaling, striking another eastbound vehicle that was traveling behind Jackson and pushing that

vehicle toward oncoming traffic and into a field where it struck an embankment. Jackson did not stop.

Approximately 5 minutes after the accident, a sheriff's deputy, responding to a witness' call to the 911 emergency dispatch service, stopped Jackson's vehicle. Jackson denied being involved in an accident and told the deputy that his brother had picked him up 5 minutes prior in Shenandoah, Iowa, approximately 100 miles from the accident site. The deputy detected the odor of alcohol, along with other mannerisms indicative of alcohol consumption, and began a driving under the influence of alcohol investigation. Though Jackson agreed to a preliminary breath test, he repeatedly used his tongue to block the airflow into the straw and pulled his head back so that he was not blowing enough air to give a sufficient sample. The deputy subsequently arrested Jackson and transported him to take a chemical breath test, which demonstrated a .239 breath alcohol content.

Douglas County court records from a 2016 criminal case and various Nebraska Department of Motor Vehicle records established that Jackson's license had been revoked for 15 years and he was permitted to drive only with an ignition interlock device. The deputy testified that Jackson's vehicle had no such device.

On October 7, 2020, the district court entered a judgment of conviction, finding Jackson guilty of all counts but count II, violating the terms of an ignition interlock order with a habitual criminal allegation, in violation of Neb. Rev. Stat. § 60-6,211.11 (Cum. Supp. 2018). The court noted that pursuant to previous court orders, Jackson's driving privileges had been revoked and not yet reinstated. Jackson was allowed to obtain an ignition interlock permit and operate motor vehicles equipped with an ignition interlock device. The court noted that Nebraska Supreme Court precedent holds that § 60-6,211.11 applies only to those who have interlock permits, with a different statute applying to those who do not have permits. The court observed that the vehicle driven by

Jackson at the time of the offense did not have an ignition interlock device and that Jackson had not obtained an ignition interlock permit. Thus, Jackson did not violate § 60-6,211.11, because it was inapplicable to him.

A sentencing hearing was held on December 21, 2020. Following argument from the State and Jackson, the district court asked, "Counsel, we . . . overlooked something here going forward. I think because . . . the way this case happened, that I took it under advisement, we didn't enhance[]. Is the State prepared to go forward with that?"

After a brief recess, the State offered certified copies of Douglas County District Court records evidencing Jackson's four prior driving under the influence of alcohol convictions and one reckless driving conviction. The court received the exhibits and found that they properly enhanced count I, driving under the influence of alcohol, fifth offense/aggravated, as well as count IV, reckless driving, second offense.

The district court then sentenced Jackson to a term of 15 to 20 years' imprisonment for driving under the influence of alcohol, a term of 6 months' imprisonment for leaving the scene of an accident, a term of 6 months' imprisonment for reckless driving, a term of 1 year's imprisonment for false reporting, and a fine of $100 for refusal to submit to a preliminary breath test. The court ordered that the sentences be served concurrently, and Jackson was given 323 days' credit for time served.

On direct appeal, and represented by different counsel, Jackson alleged that the district court abused its discretion by imposing excessive sentences and that there was insufficient evidence adduced at trial to find him guilty of false reporting. This court summarily affirmed the district court's order on November 3, 2021, in case No. A-21-007.

On June 27, 2022, Jackson, now self-represented, filed a motion for postconviction relief. In that motion, Jackson presented claims with respect to his trial and appellate counsel's failure to contest the State's presentation of evidence

regarding the habitual criminal enhancement. Jackson also alleged that his appellate counsel should have argued on direct appeal that the ignition interlock charge lacked "'mens rea'" as determined by the district court, due to its inconsistency with § 60-6,211.11, and that his appellate counsel did not review the record, instead using the brief drafted by his trial counsel for the direct appeal. Jackson further alleged that the district court committed plain error by engaging in "ex parte actions" during enhancement, his trial counsel was ineffective for failing to object to these actions, and his appellate counsel was ineffective in failing to raise the claim on direct appeal. The motion for postconviction relief requested an evidentiary hearing and the appointment of counsel.

On July 11, 2022, the district court entered an order that deferred its ruling on Jackson's motion for postconviction relief until the State had an adequate opportunity to respond. The court ordered the State to submit a written response by September 8 and noted that Jackson's motion for postconviction relief would be taken under advisement at that time. The State filed its answer to Jackson's motion on July 25.

On August 25, 2022, Jackson filed a reply and objection to the State's answer. This reply included new claims not asserted in his original motion for postconviction relief. Jackson alleged that his trial counsel was ineffective by failing to assert a facial and as-applied constitutional challenge of the habitual criminal enhancement. Jackson also alleged that his appellate counsel was ineffective by failing to raise the claims on direct appeal and that the performance of his appellate counsel amounted to "structural error," for which Jackson did not need to make a showing of prejudice. Jackson also reasserted his claim that his trial counsel was ineffective in failing to object to judicial misconduct and his appellate counsel had failed to raise the claim on direct appeal. The reply requested that the district court liberally construe the claims in his motion for postconviction relief or, in the alternative, for leave to amend Jackson's motion for postconviction relief.

On November 4, 2022, Jackson filed a renewed motion to amend and for declaratory relief. The renewed motion again requested leave to amend his motion for postconviction relief and asked the district court to find the Nebraska Postconviction Act unconstitutional as it violated Jackson's due process and equal protection rights by failing to construe pro se filings liberally.

On November 14, 2022, the district court entered an order denying Jackson's motion for postconviction relief. We have set forth details of the court's reasoning in the analysis section below.

Jackson appeals.

## ASSIGNMENTS OF ERROR

Jackson assigns that the district court erred by (1) not granting Jackson leave to amend his motion for postconviction relief; (2) denying Jackson's motion for postconviction relief without an evidentiary hearing; and (3) failing to find the Nebraska Postconviction Act unconstitutional as it applied to Jackson as a pro se litigant.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Galindo*, 315 Neb. 1, 994 N.W.2d 562 (2023).

## ANALYSIS

*Requests for Leave to Amend.*

Jackson first assigns that the district court erred by failing to grant him leave to amend his postconviction motion to "amplify and restate his claims with more certainty." Brief for appellant at 11. Jackson argues that his amended postconviction motion related back to his original motion, that he had not previously amended his original motion, and that he was

within the 1-year statute of limitations to assert or reassert claims for relief.

Jackson twice made a request that the district court give him leave to amend his motion for postconviction relief. As detailed above, Jackson's reply and objection to the State's answer, and his renewed motion to amend, were filed after the State filed its answer to Jackson's motion for postconviction relief. The district court previously entered an order deferring its ruling on Jackson's motion for postconviction relief and stating that the matter would be taken under advisement at the time the State submitted a written response to Jackson's original motion. Jackson's first request to amend was filed 31 days after the State's answer was filed, and thus, the first request was filed after the matter had been submitted to the district court for decision. His renewed motion to amend was filed 102 days after the State's answer. Although the district court did not specifically address Jackson's requests for leave to amend in its order denying the evidentiary hearing, we find no abuse of discretion in the court's implicit denial of these requests.

In *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016), the Nebraska Supreme Court distinguished postconviction cases from other civil proceedings, holding that a postconviction action is not an ordinary civil action and that, as such, the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings. The court found that postconviction relief is a very narrow category of relief and is intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his or her sentence. The Supreme Court explicitly held in *State v. Robertson, supra*, that when a district court refuses to grant leave to amend an original postconviction motion, an appellate court reviews that decision for an abuse of discretion, and not pursuant to the civil pleading rules regarding amendment.

This court has previously held that a district court did not abuse its discretion in denying a motion to amend when such motion was filed after the court had already entered an order denying an evidentiary hearing. See *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010). Additionally, this court has held that a district court did not abuse its discretion in denying a motion to amend when such motion was filed before the district court had entered an order denying the evidentiary hearing, but well after the court had taken the original motion for postconviction relief under advisement. See *State v. Williams*, No. A-21-703, 2022 WL 2433517 (Neb. App. July 5, 2022) (selected for posting to court website).

Jackson did not ask to amend his motion for postconviction relief at any point prior to the State's filing its answer, even though by the time of this filing, his original motion for postconviction relief had been pending for a month. Instead, Jackson waited 31 days after the matter had been submitted to the court for consideration to make his first request to amend. He provides no indication that such new claims were not available to him prior to the State's filing its answer to his original motion. Given this timing, we do not find that the district court abused its discretion in implicitly denying Jackson's requests for leave to amend. This assignment of error fails.

*Motion for Postconviction Relief.*

Jackson next assigns that the district court erred in denying his motion for postconviction relief without an evidentiary hearing. Before turning to Jackson's specific claims, we briefly review the legal framework that governs appeals from the denial of postconviction relief without an evidentiary hearing.

[2,3] Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Galindo*, 315 Neb. 1, 994 N.W.2d 562 (2023). An evidentiary hearing is not required on a motion for postconviction

relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

[4-6] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Galindo, supra*. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. See *id*.

[7,8] Jackson raised additional claims in his reply and objection to the State's answer that were not asserted in his original motion for postconviction relief. The defendant's verified motion for postconviction relief is the operative filing before the district court in considering whether to grant an evidentiary hearing. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). A postconviction court does not err by failing to consider claims not made in the operative motion for postconviction relief, which are instead raised in other filings. *Id*. Thus we address only those claims Jackson has both asserted in his motion for postconviction relief and specifically argued in this appeal.

On appeal, Jackson asserts that the district court's denial of his motion for postconviction relief without an evidentiary

hearing was in error, because his trial counsel was ineffective for failing to adequately challenge the habitual criminal allegation for the purposes of the ignition interlock charge. Jackson argues that trial counsel's motion to quash was not the proper method by which to challenge the enhancement. Jackson contends that he was prejudiced by his trial counsel's deficient performance, because he would have insisted on going to trial and then entered a plea deal with the State, which would have resulted in a reduced sentence. Jackson also argues that his appellate counsel was ineffective in failing to assign this claim of ineffective assistance as error on direct appeal.

[9] Jackson was represented by different counsel on appeal than at trial. When a person seeking postconviction relief has different counsel on appeal than at trial, the motion for postconviction relief is procedurally barred if the person seeking relief (1) knew of the issues assigned in the postconviction motion at the time of the direct appeal, (2) failed to assign those issues on direct appeal, and (3) did not assign as error the failure of appellate counsel on direct appeal to raise the issues assigned in the postconviction motion. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Because Jackson has presented a layered ineffective assistance of counsel claim, we proceed to address the merits of his argument.

In its order denying Jackson's postconviction motion without an evidentiary hearing, the district court found that Jackson's allegation related to the enhancement on the ignition interlock charge was conclusory. The district court stated that Jackson's contention regarding the possibility of a more favorable plea offer by the State was "a conclusion of fact for which there is no basis in the record." The district court also noted that Jackson had been found not guilty of the ignition interlock charge. We agree.

Jackson is unable to make a showing of prejudice on this claim. Jackson's trial counsel did file a motion to quash in an attempt to remove the habitual criminal enhancement prior

to trial, although that motion was denied by the district court. However, as the district court noted, Jackson was never subject to a habitual criminal enhancement, because he was found not guilty of the ignition interlock offense alleged in count II, the only charge to which the habitual criminal enhancement was attached. Jackson does not specifically argue what his trial counsel should have done differently or upon what grounds an alternative course of trial strategy would have been successful. He makes speculative assertions without any factual support from the record that had the habitual criminal allegation been removed by trial counsel prior to trial, the State would have offered Jackson a favorable plea deal. See *State v. Galindo*, 315 Neb. 1, 994 N.W.2d 562 (2023).

[10] Because we find that Jackson's trial counsel was not ineffective in this regard and that Jackson cannot show prejudice, his appellate counsel was not ineffective in failing to raise the claim on direct appeal. When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the two-part test for ineffectiveness established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); if trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *State v. Parnell, supra*.

Next, Jackson asserts that the district court's denial of his motion for postconviction relief without an evidentiary hearing was in error, because his trial counsel was ineffective in failing to object to judicial misconduct. Jackson points to the district court's directing the State to present its evidence for enhancement related to the driving under the influence of alcohol charge at sentencing. Jackson alleges that the district court committed plain error by engaging in ex parte actions and thus violating the Nebraska Revised Code of Judicial Conduct. Jackson also argues that his appellate counsel was

ineffective in failing to assign this claim of ineffective assistance as error on direct appeal. Had his appellate counsel assigned this claim, Jackson contends, then his direct appeal would have favored him.

In its order, the district court found that Jackson's allegations regarding perceived irregularities at the sentencing hearing did not constitute a violation of Jackson's constitutional rights or show that Jackson was entitled to relief.

[11] Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur. *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021). A review of the record reveals that the district court did not direct the State to present its enhancement evidence. Rather, the district court observed that enhancement had not yet occurred and inquired as to whether the State wished to proceed with its enhancement evidence. Although the Nebraska Revised Code of Judicial Conduct prohibits judicial ex parte communications, the inquiry in this case occurred on the record during a sentencing hearing where all parties were present. The record affirmatively refutes that the district court engaged in ex parte communications, and Jackson cites to no other authority for the basis of the alleged judicial misconduct.

[12] We do not find that the district court's actions amount to plain error, and as such, Jackson's trial counsel was not ineffective in failing to object and his appellate counsel was not ineffective in failing to raise the claim on direct appeal. Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Devers*, 313 Neb. 866, 986 N.W.2d 747 (2023).

Jackson also argues that the district court's denial of his motion for postconviction relief without an evidentiary hearing was in error, because his appellate counsel was ineffective for failing to review the record and using an appellate brief authored by Jackson's trial counsel. Jackson asserts that had his appellate counsel minimally investigated the facts of the case, he would have discovered many errors. Jackson

contends that these actions amount to deficient performance "causing a detrimental disposition during direct appeal against [him]."

Though the district court did not specifically address this claim in its order, it did find that all claims raised by Jackson's motion for postconviction relief were "procedurally barred, insufficiently pled, [or] affirmatively refuted by the record, or [that Jackson] cannot establish prejudice."

We agree that this claim is insufficiently pled. Jackson has not specified what errors his appellate counsel should have discovered or how using a brief allegedly prepared by his trial counsel caused a detrimental disposition. Jackson does not detail arguments he believes his appellate counsel could have successfully set forth in a brief on appeal.

Because Jackson's claims asserted in his motion for postconviction relief are unable to establish that he suffered prejudice, are affirmatively refuted by the record, or are insufficiently pled, Jackson was not entitled to an evidentiary hearing. The district court did not err in so finding. This assignment of error fails.

*Constitutional Claim.*

Finally, Jackson assigns that the district court erred in failing to find the Nebraska Postconviction Act unconstitutional as it applied to Jackson as a pro se litigant. Jackson first raised his constitutional claim regarding the Nebraska Postconviction Act in his renewed motion to amend and for declaratory relief. The district court did not address this claim in its order denying the evidentiary hearing. As we discussed above, a defendant's verified motion for postconviction relief is the operative filing before the district court in considering whether to grant an evidentiary hearing. See *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). Additionally, Jackson was not given leave by the district court to amend his original motion for postconviction relief, which implicit ruling we have found did not constitute an abuse of discretion. Thus,

the district court did not err in failing to address Jackson's constitutional claim.

[13] Furthermore, the appellate court will not consider allegations not presented to the district court for disposition through the defendant's verified motion for postconviction relief or passed upon by the postconviction court. See *id*. This assignment of error fails.

## CONCLUSION

The district court did not err in denying Jackson's motion for postconviction relief without an evidentiary hearing.

Affirmed.